**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> CLINTON ELWYN THOMPSON, III, AKA Darion Jones, AKA Calvin Leon Thompson, AKA Clinton Edwin Thompson, AKA Clinton Elway Thompson, AKA Clinton Elwin Thompson, III, <br><br> Defendant - Appellant. | No. 10-50381 <br><br> D.C. No. 2:10-cr-00304-JFW-1 <br><br><br> MEMORANDUM[*] |
| UNITED STATES OF AMERICA, <br><br> Plaintiff - Appellee, <br><br> v. <br><br> TAVRION DAWSON, <br><br> Defendant - Appellant. | No. 10-50479 <br><br> D.C. No. 2:10-cr-00304-JFW-2 |

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

1

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 11-50081 |
| Plaintiff - Appellee, | D.C. No. 2:10-cr-00304-JFW-3 |
| v. | |
| SAMUEL ANTHONY EATON, AKA Samuel Eaton, | |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Central District of California
John F. Walter, District Judge, Presiding

Argued and Submitted April 8, 2013
Pasadena, California

Before: REINHARDT and MURGUIA, Circuit Judges, and MOLLOY, District Judge.[**]

In an opinion filed concurrently with this memorandum disposition, we reverse all defendants' convictions under 18 U.S.C. § 844(h)(1) and (m). Here, we consider and affirm appeals by defendants Clinton Thompson, III and Tavrion Dawson that relate to their counts of bank larceny. They jointly contend that the district court erred by denying their motion to instruct the jury regarding

---

[**] The Honorable Donald W. Molloy, District Judge for the U.S. District Court for the District of Montana, sitting by designation.

2

withdrawal as a defense to aiding and abetting the crime. Dawson independently appeals the district court's denial of his proposed "mere presence" instruction and contends that the prosecution did not present sufficient evidence to support his conviction. We reject each of these grounds for appeal and, thus, affirm Thompson's and Dawson's convictions for aiding and abetting the bank larceny.

1. Assuming, without deciding, that withdrawal is an appropriate defense to aiding and abetting liability, we nonetheless conclude that Thompson and Dawson both completed an act of assisting the bank larceny before they withdrew. Thompson delivered the thermal lance, and Dawson delivered a hammer. Even if we accept that Thompson and Dawson went home after the delivery, deciding not to serve as lookouts, they had already substantially aided the commission of the crime by bringing the tools that were important to the commission of the crime. Because "withdrawal will not shield a defendant from liability for [crimes] that are an inevitable consequence of actions taken while a participant in the scheme," *United States v. Lothian*, 976 F.2d 1252, 1263 (9th Cir. 1992), the defendants could not meet their burden of proving withdrawal by merely going home, *Smith v. United States*, 133 S. Ct. 7134, 719 (2013) (establishing that the burden is on the defendant to prove withdrawal). We therefore affirm the district court's decision not to instruct the jury on withdrawal.

3

**2.** The district court did not err in denying Dawson's "mere presence" instruction because the other instructions, in their entirety, adequately cover that defense. *United States v. Thomas*, 612 F.3d 1107, 1120-22 (9th Cir. 2010). The district court's instructions on conspiracy stated that "[a] person does not become a conspirator merely by associating with one or more persons who are conspirators, nor merely by knowing that a conspiracy exists" and that "[i]t is not enough that the defendant merely associated with the person committing the crime . . . or was present at the scene of the crime." Because these instructions adequately address Dawson's "mere presence" theory, we affirm the district court's denial of this instruction.

**3.** In determining whether the evidence presented at trial was sufficient to convict Dawson of aiding and abetting the bank larceny, we are obliged to construe the evidence "in the light most favorable to the prosecution" and only then determine whether "any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979); *see also McDaniel v. Brown*, 130 S. Ct. 665, 673 (2010). First, we "must presume . . . that the trier of fact resolved any such conflict[ing evidence] in favor of the prosecution, and must defer to that resolution." *Jackson*, 433 U.S. at 326. Second, the "reviewing court may not ask itself whether *it* believes that the

4

evidence at trial established guilt beyond a reasonable doubt, only whether *any* rational trier of fact could have made that finding." *United States v. Nevils*, 598 F.3d 1158, 1164 (9th Cir. 2010) (internal citations omitted).

Drawing inferences from the evidence presented at trial in a light most favorable to the prosecution, we conclude that a rational trier of fact could have found beyond a reasonable doubt that Dawson was guilty of aiding and abetting the bank larceny. Although Thompson and Williams (a co-conspirator who testified as the prosecution's witness as a part of his plea bargain) testified that Dawson was not at all involved in the agreement to commit the bank larceny, the prosecution presented sufficient evidence to prove Dawson's involvement and support of the crime. For example, cellular phone records show nearly forty-five calls between Dawson and Samuel Eaton, the leader of the conspiracy, during the evening of the crime. These records show that Dawson was in the vicinity of the bank (20 miles from his home) and in contact with Eaton until 4:30 a.m., during which time Eaton and Williams were inside the bank committing the larceny. Additionally, police officers testified that Dawson drove away from the police stop with the thermal lance components, which found their way to Eaton and Williams at the bank shortly thereafter. Considering the evidence in a light most favorable to the prosecution, and resolving all conflicting inferences against Dawson, we conclude

that a rational juror could find beyond a reasonable doubt that Dawson was a knowing participant in the conspiracy, despite any conflicting testimony in his favor. Accordingly, we affirm the conviction; our disposition of the sentences is set forth in the opinion filed concurrently herewith.

**AFFIRMED.**